E-FILED
Friday, 19 November, 2021  01:41:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN CORTEZ- GOMEZ, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-2199 |
| | ) | |
| JERMONE COMBS DETENTION | ) | |
| CENTER, et. al., | ) | |
|    Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, has identified five Defendants including the Jerome Combs Detention Center, Kankakee County, Sheriff Michael Downey, Chief of Corrections Chad Kolitwenzew, and Sergeant Todd Schloendorf. Plaintiff maintains he filed his complaint pursuant to both 42 U.S.C.§1983 asking for damages and a habeas petition pursuant to 28 U.S.C. §2241 asking for his release. When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release

from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v Rodriguez,* 411 U.S. 475, 500 (1973). However, when a prisoner is complaining about the actual conditions of his confinement and seeks damages, then a civil rights complaint pursuant to 42 U.S.C. §1983 is the proper remedy. Plaintiff cannot seek both remedies in the same complaint.

However, Plaintiff's filing is more accurately viewed as a complaint pursuant to §1983. First, Plaintiff focuses on a variety of specific problems with his living conditions. Second, Plaintiff asks this Court to order his release from jail to home confinement "pending my pre-trial criminal case." (Comp., p. 7). Plaintiff must address this request in his pending criminal case. He may not seek pretrial release in this lawsuit.

Plaintiff says the B-dorm at Jerome Combs Detention Center has no windows, no outdoor recreation, and the air ventilation is clogged with dirt. In addition, there are few safety protocols concerning COVID-19. For instance, there is little social distancing. The beds and phones are in close proximity and several detainees are housed in the one unit. Furthermore, soap dispensers for inmates to wash their hands are often left empty.

In November 2020 through January of 2021, Defendant Schloendorf conducted several shakedowns which violated the Center for Disease Control and Prevention (CDC) guidelines as several detainees were forced to wait in a small, indoor recreation room.

Plaintiff ultimately tested positive for COVID-19 on an unspecified date and he was moved to a different housing unit with other inmates who also tested positive. Plaintiff says the K-pod unit was filthy, there was no circulating air, and the cells became hot.  The showers also clogged and flooded the area.

Plaintiff says he suffered with shortness of breath, mild headaches, cold sweats, a loss of taste and smell, and coughing which lead to vomiting.  After 14 days in K-pod, Plaintiff was moved back to the B-dorm without separating inmates who had contracted COVID-19 from those who had not.  Plaintiff maintains almost 300 inmates ultimately tested positive.

Plaintiff claims the Defendants were negligence in handling the pandemic and putting his life in danger.  Plaintiff maintains the Defendant Sheriff initially lied about the number of inmates with COVID-19.  In addition, Defendant Corrections Chief Kolitwenzew was responsible for the health and safety of detainees.

Giving Plaintiff the benefit of notice pleading, he has adequately alleged Defendants Kolitwenzew and Schloendorf violated his Eighth Amendment rights based on his living conditions.  Plaintiff has alleged both Defendants were deliberately indifferent to his health and safety during the COVID-19 pandemic, and Defendant Kolitwenzew was also deliberately indifferent to living conditions in both housing units.

However, Plaintiff has not articulated a claim against any other Defendant.  To hold an individual liable under Section 1983, Plaintiff must allege the Defendant was "personally responsible for the deprivation" of his rights. *Wilson v. Warren Cty., Illinois*,

2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).    In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008).

Plaintiff's only mention of the Sheriff is his claim the Defendant did not provide accurate COVID numbers which is not a constitutional violation.  In addition, negligence or even gross negligence does not state a constitutional violation. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018).  Plaintiff has also failed to state an official capacity claim against Kankakee County based on a policy, practice or custom.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  Finally, the Jerome Combs Detention Center is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Kolitwenzew and Schloendorf violated his Eighth Amendment rights based on his living conditions at the Jerome Combs Detention Center from July of 2020 until the filing of his complaint.  Plaintiff has alleged both Defendants were deliberately indifferent to

4

his health and safety during the COVID-19 pandemic, and Defendant

Kolitwenzew was also deliberately indifferent to living conditions in B-Dorm

and K-pod. The claim is stated against the Defendants in their individual

capacities only. Any additional claims shall not be included in the case, except at

the Court's discretion on motion by a party for good cause shown or pursuant to

Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until

counsel has appeared for Defendants before filing any motions, in order to give

Defendants notice and an opportunity to respond to those motions.  Motions filed

before Defendants' counsel has filed an appearance will generally be denied as

premature.  Plaintiff need not submit any evidence to the Court at this time, unless

otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a

waiver of service.  Defendants have 60 days from service to file an Answer.  If

Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of

service.  After Defendants have been served, the Court will enter an order setting

discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by

Plaintiff, the entity for whom that Defendant worked while at that address shall

provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for

effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Jerome Combs Detention Center, Kankakee County, and Michael Downey for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**

ENTERED this 19th day of November, 2021.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE